B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Cherry Man Industries, Inc.<br>2100 E. Grand Ave. Suite #600<br>El Segundo, CA 90245 | DEFENDANTS<br>City Ocean International, Inc., a California Corporation;<br>1350 Valley Vista<br>Diamond Bar, CA 91765 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Michael Jay Berger<br>Law Offices of Michael Jay Berger<br>9454 Wilshire Boulevard, 6th floor<br>Beverly Hills, CA 90212<br>(310) 271-6223 Fax: (310) 271-9805 | ATTORNEYS (If Known)<br>Christopher Langley<br>Shioda, Langley & Chang, LLP<br>1063 E. Las Tunas Dr.<br>San Gabriel, CA 91776 |
| PARTY (Check One Box Only)<br>[✓] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor    [ ] Other<br>[ ] Trustee | PARTY (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[✓] Creditor    [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

Violation of automatic stay; injunctive relief, turnover of property; U.S. 11 sections 362(a), 362(k); 542(a), 541(a), 543(b), 105(a), FRCP 65; FRBP 65 and 7001(1) and (7).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ X ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses,
        false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary,
        embezzlement, larceny

        **(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation
        (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[X ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state
        court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand **$1,000.000.00** |

Other Relief Sought: Injunction staying Defendant from retaining Debtor's assets; turnover of estate property; sanctions; compensatory damages; demurrage charges; attorneys' fees and costs; punitive damages.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**Cherry Man Industries, Inc.** | | BANKRUPTCY CASE NO.<br>**2:22-bk-11471-NB** |
| DISTRICT IN WHICH CASE IS PENDING<br>**Central District of California** | DIVISION OFFICE<br>**Los Angeles** | NAME OF JUDGE<br>**Honorable Neil W. Bason** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>**Michael Jay Berger** | | |
| DATE<br>April 19, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**Michael Jay Berger** | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

1  MICHAEL JAY BERGER (State Bar # 100291)
   LAW OFFICES OF MICHAEL JAY BERGER
2  9454 Wilshire Blvd. 6th Floor
3  Beverly Hills, CA 90212-2929
   Telephone:    (310) 271-6223
4  Facsimile:    (310) 271-9805
   E-mail:        michael.berger@bankruptcypower.com
5

6  *Proposed* Counsel for Debtor,
   Cherry Man Industries, Inc.
7

8                UNITED STATES BANKRUPTCY COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                    LOS ANGELES DIVISION
11

12  In re:                              ) CASE NO.: 2:22-bk-11471-NB
                                        )
13                                      ) Chapter 11
                                        )
14  Cherry Man Industries, Inc.,        ) ADV. No.:
                                        )
15          Debtor.                     ) **COMPLAINT FOR:**
                                        )
16                                      ) **(1) VIOLATION OF THE**
                                        ) **AUTOMATIC STAY (11 U.S.C. §**
17  _____     ) **105(a);**
                                        ) **(2) TURNOVER OF PROPERTY**
18  Cherry Man Industries, Inc.,        ) **UNDER 11 U.S.C. § 542(a);**
            Plaintiff,                  ) **(3) INJUNCTIVE RELIEF 11 U.S.C. §**
19                                      ) **105 (a)**
                                        )
20          Vs.                         ) **[LBR 7001]**
                                        )
21                                      )
                                        ) Hearing Scheduled For:
22  City Ocean International, Inc., a    ) Date:   TO BE SET BY SUMMONS
    California corporation,             ) Time:
23                                      ) Place:
            Defendant.                  )
24                                      )
                                        )
25                                      )
26
        **TO THE HONORABLE NEIL W. BASON, UNITED STATES**
27
   **BANKRUPTCY JUDGE:**
28

                                    1

**COMPLAINT**

Cherry Man Industries, Inc., Debtor and Debtor in Possession in the above captioned chapter 11 case, ("Plaintiff" or "Debtor") respectfully alleges for its complaint and claim of relief as follows:

**NATURE OF THE ACTION**

1. This is an adversary proceeding commenced by the Debtor, pursuant to sections 105(a), 362(a) and 542(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 7001(1) and (7) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 65 of the Federal Rules of Civil Procedure made applicable hereto by Bankruptcy Rule 7065 seeking (i) injunctive relief under section 105(a), 362(a) to stay, restrain, and enjoin freight forwarder, City Ocean International, Inc. ("City Ocean" or "Defendant") from unlawfully retaining the assets of the Debtor in the form of sellable products furniture, (the "Property"); and to Order Defendant to turnover Property of the estate under section 542(a) of the Bankruptcy Code, which Property is being retained by Defendant in its sea containers.

2. The withheld Property is valuable to the Debtor. Currently there are fifteen containers in the custody of City Ocean, which are carried on vessels in route to the United States, or have already arrived at the port of Los Angeles. Defendant's sea containers carry sellable assets of the Debtor, which is Property of the bankruptcy estate. Each container carries furniture which the Debtor has been invoiced from between $20,000 to $50,000 per container. In addition, the Debtor aspires to sell these products above cost at a profit.

2

3. Cargo that is not unloaded during the agreed upon time frame is subject to daily demurrage charges for late unloading. The demurrage charges are $250 per day, per container, which double every five days. One day's demurrage charges on fifteen containers is $3,750 per day. After five days, it becomes $7,500 per day. After ten days, it becomes $15,000 per day.

4. The Defendant's unlawful possession, exercise of control and retention of the Property is in direct violation of section 362 of the United States Bankruptcy Code. Accordingly, Debtor respectfully seeks the relief requested herein.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The venue of this action in this district is proper pursuant to 28 U.S.C. § 1409(a).

7. This adversary proceeding is initiated under Bankruptcy Rule 7001(1) and (7), and the relief requested herein may be ordered pursuant to sections 105(a), 362(a) and 542(a) of the Bankruptcy Code.

## THE PARTIES

8. Plaintiff and Debtor, Cherry Man Industries, Inc. is a California corporation with a principal place of business at 2120 East Grand Avenue, El Segundo, CA 90746. Founded in 2002, the Debtor is one of the largest nationwide importers and distributors of modular, configurable, commercial office furniture. Debtor is headquartered in El

3

COMPLAINT FOR: (1) VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 105(a); (2) INJUNCTIVE RELIEF 11 U.S.C. § 105 (a); (3) TURNOVER OF PROPERTY UNDER 11 U.S.C. § 542(a)

Segundo, California, with five distribution centers totaling over one million square feet across the United States in Fontana, CA; Aurora, Illinois; Buford, Georgia; Grand Prairie, Texas; and Logan Township, New Jersey. Debtor purchases the furniture from Chinese manufacturers. After the furniture is manufactured, the Debtor ships the furniture by container. It travels by sea from China to the United States to either a port on the West Coast such as Los Angeles or San Pedro, California, or to Savanah, Georgia on the east coast.

9. Defendant, City Ocean International, Inc. is a California corporation founded in 2002 with its principal place of business located at 21700 Copley Drive, Suite 100, Diamond Bar, CA 91765. It is in the freight forwarding services business.

## FACTUAL BACKGROUND

10. On March 17, 2022, Cherry Man Industries, Inc. filed a voluntary Chapter 11 petition in the US Bankruptcy Court in the Central District of California, case number 2:22-bk-11471-NB (the "Bankruptcy Case").

11. Debtor is authorized to continue to operate its business and manage its properties as a Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

12. On March 31, 2022 The Office of the United States Trustee filed a Notice of Appointment of a Creditors' Committee in the Bankruptcy Case.

13. Debtor seeks the turnover of the Property currently in the custody and control of City Ocean. The Property is furniture ordered by the Debtor from furniture manufacturers in China. The Property was transported to the United States in containers

4

COMPLAINT FOR: (1) VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 105(a); (2) INJUNCTIVE
RELIEF 11 U.S.C. § 105 (a); (3) TURNOVER OF PROPERTY UNDER 11 U.S.C. § 542(a)

on vessels owned and operated by City Ocean. As of the date of this filing there are at least fifteen containers in the custody of City Ocean, which are on the way to the United States, or have already arrived.

14. The sea containers contain sellable assets of the Debtor, which is Property of the bankruptcy estate. Out of the fifteen containers, five containers are already in the port of Los Angeles awaiting unloading. Each of these containers is incurring demurrage charges of $250 per day as a result of the delay in unloading the freight, which doubles every five days. This delay persists because City Ocean refuses to release the Debtor's Property unless Debtor pays pre-petition debt.

15. On March 28, 2022, Debtor's Proposed Counsel and City Ocean's counsel opened a dialogue to negotiate payment for post-petition freight charges in exchange for the release of the Debtor's Property. At that time, Debtor notified City Ocean that retaining the goods violated the automatic stay.

16. The current freight charges for the five containers ready for unloading amount to $168,625. However, City Ocean is not releasing the freight unless it receives a minimum of $150,000 ($30,000 per container) over and above the current freight charges. This amount is demanded for payment toward Debtor's pre-petition freight charge debt to City Ocean in the amount approximately $541,715.

17. Debtor and City Ocean have met and conferred. Debtor offered to stipulate to a replacement lien for the value of the freight in the containers, which lien would be endowed with the same priority as the lien on the goods claimed by City Ocean.

5

However, City Ocean refused to release the goods without Debtor making a payment toward pre-petition debt.

18. On March 29, 2022, Debtor clearly communicated to City Ocean that payment for pre-petition debt was not allowed without Court approval. Moreover, Debtor has been ordered not to pay pre-petition debt.

19. From March 30, 2022 through April 5, 2022, City Ocean and Debtor continued to meet and confer. Debtor offered to sequester funds from the sale of the Property (or a fixed dollar amount per container to ease tracking SKUs) until the rights to the proceeds are adjudicated. However, this option was ultimately declined by City Ocean.

20. City Ocean had knowledge of the Debtor's Chapter 11 bankruptcy filing since on or before March 23, 2022, when Christopher Langley and Steven Chang, Attorneys for City Ocean, requested courtesy Notice of Filing in the case. *See* Docket nos. 35 and 36 in the Bankruptcy Case.

21. With knowledge of the Plaintiff's bankruptcy filing, Defendant demanded that the Debtor pay $318,625 on April 5, 2022, of which $150,000 was for pre-petition debt.

22. On March 29, 2022, Counsel for City Ocean wrote "My client is not inclined to give up their possessory security interest without payment." and "the total outstanding amount owed to my client is $929,570. That includes $387,855 for the 13 containers that on (sic) hold with my client."

23. On March 31, 2022, City Ocean sought a personal guarantee from the Debtor's majority shareholder or a lien on his personal residence.

COMPLAINT FOR: (1) VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 105(a); (2) INJUNCTIVE
RELIEF 11 U.S.C. § 105 (a); (3) TURNOVER OF PROPERTY UNDER 11 U.S.C. § 542(a)

24. On April 1, 2022, City Ocean communicated that it was not going to release the containers to Debtor for payment of only the freight charges saying, "What are you proposing to pay right now for the release of the containers? Our possessory interest lien in [sic] of no value once we give up the containers."

25. City Ocean did not file a motion for relief from stay in this matter, nor has City Ocean asked the Court to grant it adequate protection.

26. City Ocean, with full knowledge of the bankruptcy, intentionally applied pressure on the Debtor using the buildup of demurrage charges to collect a pre-petition debt. This act willfully violates the automatic stay.

27. On April 5, 2022, Debtor unequivocally demanded release of the estate property. This demand was denied. Efforts to resolve this standoff have been unsuccessful. Therefore, Debtor filed a turnover motion against City Ocean on April 6, 2022 [docket no. 86] in the Bankruptcy Case.

28. The Court held a hearing on the turnover motion was held on April 7, 2022. The Motion was denied without prejudice on the grounds that it should be brought as an adversary proceeding complaint [docket no. 98] in the Bankruptcy Case. At that hearing, there was discussion of the risk of a Motion for an order to show cause why City Ocean should not be held in contempt.

29. On April 10, 2022, Debtor filed a Motion For Order To Show Cause Why City Ocean International, Inc. Should Not Be Held In Contempt For Violation Of The Automatic Stay [docket no. 107] in the Bankruptcy Case.

7

30. Defendant's retention of Debtor's property has put severe strain on Plaintiff. The accumulation of escalating demurrage charges is rapidly wasting assets of the estate and will soon exceed the value of the Property. Defendant's behavior is harmful to the Debtor and to the interest of creditors of the estate.

## COUNT I

### VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(a)

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Section 362(a)(3) of the Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate or to *exercise control* over property of the estate." 11 U.S.C. § 362(a)(3). In re Fulton, 926 F.3d 916, 923, 2019 U.S. App. LEXIS 18393, *12.

33. The stay prevents, among other things, any act to enforce a lien against property of the estate. § 362(a)(1), (3), (4).

34. A creditor's knowing failure to act to remedy a continuing stay violation is, itself, a violation of the automatic stay. *See,* Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1213—15 (9th Cir. 2002). California Emp't Dev. Dep't v. Taxel (In re Del Mission Ltd.), 98 F.3d 1147, 1151 (9th Cir. 1996).

35. Once a party has knowledge of the bankruptcy, it is deemed to have knowledge of the automatic stay. *See* Ramirez v. Fuselier (In re Ramirez), 183 B.R. 583, 589 (9th Cir. BAP 1995).

COMPLAINT FOR: (1) VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 105(a); (2) INJUNCTIVE
RELIEF 11 U.S.C. § 105 (a); (3) TURNOVER OF PROPERTY UNDER 11 U.S.C. § 542(a)

36. While a party in interest may obtain relief from the operation of the stay, that relief must be sought via a motion filed in the Bankruptcy Court. *See* § 362(d); Rule 4001.

37. Plaintiff is entitled to monetary damages and injunctive relief due to Defendant's violation of the automatic say under section 362 of the Bankruptcy Code, which ongoing violations include withholding of the Debtor's assets.

## COUNT II

## TURNOVER OF PROPERTY OF THE ESTATE UNDER 11 U.S.C. § 542(a)

38. Plaintiff repeats and realleges the allegations contained in paragraphs of 1 through 37 of this Complaint as if fully set forth herein.

39. Section 541(a) of the Bankruptcy Code defines "property of the estate" to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case … wherever located and by whomever held," including interest in property acquired after the commencement of the case. 11 U.S.C. § 541(a)(1), (7).

40. Section 542(a) of the Bankruptcy Code provides that "an entity, other than a custodian in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title … shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a). The same is true for "custodians" under § 543(b). The obligation to turnover property of the debtor or the estate is "a mandatory duty arising upon the filing of the bankruptcy petition." In re Del

9

Mission Ltd., 98 F.3d 1147, 1151 (9th Cir. 1996). Moreover, the term "property" has

been generously construed to include "all kinds of property, including causes of action,

disputed, contingent or reversionary interests, and all other forms of property." *See*

United States v. Sims (In re Feiler), (2000) 218 F. 3d 948.

41. Defendant is willfully violating the automatic stay under 11 U.S.C 362(h), and

this willful violation is compensable. In re Abrams, 127 B.R. 239, (1991).

The automatic stay is a basic protection afforded debtors under the bankruptcy laws, and

its scope is intended to be broad. In particular, 11 U.S.C.S. § 362(a)(3) protects debtors

from any act to obtain possession of property of the estate or of property from the estate

or to exercise control over property of the estate. Id. A willful violation does not require a

specific intent to violate the automatic stay. Rather, the statute provides for damages

upon a finding that the defendant knew of the automatic stay and that the defendant's

actions which violated the stay were intentional. Whether the party believes in good faith

that it had a right to the property is not relevant to whether the act was willful or whether

compensation must be awarded. Id.

42. Because City Ocean refused to turn over the Property, Debtor had to litigate in

the form by bringing a Motion for contempt in the bankruptcy case and this Adversary

Proceeding. Debtor is entitled to recover attorneys' fees and costs as well as other

damages.

43. The Property is of value to the estate. The packing slips of each container were

provided to City Ocean on April 1, 2022 in a dropbox link. The cost of the furniture in

each container ranges in value from $20,000 to $50,000 with the norm being closer to

COMPLAINT FOR: (1) VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 105(a); (2) INJUNCTIVE
RELIEF 11 U.S.C. § 105 (a); (3) TURNOVER OF PROPERTY UNDER 11 U.S.C. § 542(a)

$20,000. Debtor aspires to sell the products at a price above cost with the objective of realizing a profit on the sale of the goods.

44. 11 U.S.C. § 542(a) works in conjunction with § 362(a) "to draw back into the estate a right of possession that is claimed by a lien creditor pursuant to a pre-petition seizure; the Code then substitutes 'adequate protection' for possession as one of the lien creditor's rights in the bankruptcy case." Thompson v. Gen. Motors Acceptance Corp., 566 F.3d at 704 (2009).

45. The Bankruptcy Code does not elevate the creditor's adequate protection right above the debtor's right to possession and use of its Property. In re Fulton, 926 F.3d 916, 924, 2019.

46. For the reasons stated herein, pursuant to section 542 of the Bankruptcy Code, Defendant should be required to immediately turn over the Property to the Plaintiff.

47. Damages under § 362(k) are mandatory, whereas damages are discretionary for civil contempt under § 105. In re Colortran, Inc., (1997) 210 B.R. at 828.

## COUNT III

### INJUNCTIVE RELIEF UNDER 11 U.S.C. § 105(a)

48. Plaintiff repeat and realleges the allegations contained in paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49. Section 105(a) of the Bankruptcy Code authorizes the court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

COMPLAINT FOR: (1) VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 105(a); (2) INJUNCTIVE
RELIEF 11 U.S.C. § 105 (a); (3) TURNOVER OF PROPERTY UNDER 11 U.S.C. § 542(a)

50. Defendant is in contempt of the automatic stay and the obligation to turn over property of the estate. A party's failure to turn over property after notice of the estate's interest therein "is probably contumacious." <u>Matter of Larimer,</u> (1983) 27 BR 514. City Ocean has used the demurrage charges as leverage to extort pre-petition payments from the Debtor. City Ocean should bear the cost of the demurrage charges.

51. The relief requested herein is necessary to protect Debtor' ability to efficiently and effectively administer the above captioned case, to preserve the property of its estate, and to monetize goods in the possession of Defendant by moving them into the stream of commerce.

52. In the absence of entry of the requested injunctive relief, Debtor and its estate will be imminently and irreparably harmed by the escalating demurrage charges and costs of pursuing a solution to this logjam.

53. The balance of harm is in favor of the Debtor. Absent the relief requested, Debtor will be greatly harmed. In contrast, the Defendant will not suffer any irreparable harm.

54. The public interest weighs in favor of the issuance of a temporary restraining order and injunction. The injunctive relief requested herein will serve the public interest by allowing Debtor to continue to operate its business, and retain its employees. In addition, Debtor's survival as a going concern will potentially enable it to repay its United States SBA Loan in the amount of $2 million. Additionally, the public interest will be served by promoting compliance with the congressional purpose of the automatic stay,

12

COMPLAINT FOR: (1) VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 105(a); (2) INJUNCTIVE RELIEF 11 U.S.C. § 105 (a); (3) TURNOVER OF PROPERTY UNDER 11 U.S.C. § 542(a)

furthering the Debtor's ability to administer the above captioned case and to preserve its assets.

55. For the reasons stated herein, Debtor is entitled to a temporary restraining order and preliminary injunction staying, restraining, and enjoining the Defendant from violating the automatic stay by withholding Debtor's assets.

## PRAYER FOR RELIEF

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests relief as follows:

1. A temporary restraining order and preliminary injunction staying, restraining, and enjoining the Defendant from violating the automatic stay by withholding Debtor's assets;

2. Entry of an Order compelling the Defendant to turn over the withheld Property to Debtor;

2. Awarding Plaintiff monetary damages for ongoing violations of the automatic stay pursuant to section 362(a) of the Bankruptcy Code;

3. Awarding Plaintiff punitive damages against Defendant in accordance with 11 U.S.C. § 362(k)(1);

4. Imposing sanctions against Defendant consistent with willful violations of the automatic stay;

5. Awarding Plaintiff its fees and costs to enforce the automatic stay against Defendant;

6. Ordering Defendant to pay all of the accumulated demurrage charges;

13

1

   7. An order granting such other and further relief as the Court may deem just and

2

proper.

3

                                                    Respectfully submitted,

4

                                                    Law Offices of Michael Jay Berger

5

6

Dated April 19, 2022

7

                                            By:

8

                                                    Michael Jay Berger, *Proposed*
                                                    Counsel for Debtor,

9

                                                    Cherry Man Industries, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            14

COMPLAINT FOR: (1) VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 105(a); (2) INJUNCTIVE
RELIEF 11 U.S.C. § 105 (a); (3) TURNOVER OF PROPERTY UNDER 11 U.S.C. § 542(a)